IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3262-D

| | |
|---|---|
| JOHNNY GRAYSON and DOUGLAS VAN VLEET, ) ) ) Plaintiffs, ) ) v. ) ) DR. LAWRENCE SICHEL et al., ) ) Defendants. ) | **ORDER** |

On December 14, 2011, Johnny Grayson ("Grayson") and Douglas Van Vleet ("Van Vleet") (collectively, "plaintiffs"), federal inmates proceeding pro se, filed a complaint seeking relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. On June 21, 2012, after reviewing the complaint, the court dismissed the case as frivolous pursuant to 28 U.S.C. § 1915A [D.E. 16]. On June 27, 2012, Van Vleet filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [D.E. 18]. On July 13, 2012, Van Vleet filed a notice of appeal of the court's June 21, 2012 order [D.E. 20].

Ordinarily, "a district court loses jurisdiction to amend or vacate its order after the notice of appeal has been filed . . . ." Lewis v. Tobacco Workers' Int'l Union, 577 F.2d 1135, 1139 (4th Cir. 1978); see Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam); Haefner v. Cnty. of Lancaster, No. 97-1568, 1997 WL 355533, at *1 (4th Cir. June 27, 1997) (per curiam) (unpublished). However, because a notice of appeal filed after judgment is entered but before the court rules on a motion for reconsideration "becomes effective . . . when the order disposing of the last such remaining motion is entered[,]" Fed. R. App. P. 4(a)(4)(B)(i), see Wheeler v. Accrediting

Council for Continuing Educ. & Training, No. 94-2111, 1995 WL 674597, at *1 (4th Cir. Nov. 14, 1995) (per curiam) (unpublished), the court considers the arguments raised in Van Vleet's motion. Cf. United States v. McNair, 340 F. App'x 879, 881 (4th Cir. 2009) (per curiam) (unpublished).

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted); see also Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

When it dismissed the complaint, the court found that plaintiffs' allegations concerning medical care that Van Vleet received while incarcerated did not demonstrate that any defendant was deliberately indifferent to Van Vleet's medical needs. Van Vleet disagrees with the court's analysis. See Mot. Reconsideration [D.E. 18] 2–4. However, Van Vleet does not cite any recent change in the controlling law, newly discovered evidence, or clear error meriting the court's altering or amending its order. See id.

Alternatively, to the extent that Van Vleet requests relief under Rule 60(b) of the Federal Rules of Civil Procedure, such request is denied. Rule 60(b) authorizes the court to "relieve a party ... from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect; ... [or] fraud ..., misrepresentation, or misconduct by an opposing party ...." Fed. R.

2

Civ. P. 60(b)(1), (3). Under Rule 60(b), "a moving party must show that his motion is timely, that he has a meritorious [claim or defense] . . . , and that the opposing party will not be unfairly prejudiced by having the judgment set aside." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quotations omitted); see Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If a party meets these threshold conditions, "he must satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266. Van Vleet has not met the requisite threshold showings. Accordingly, Rule 60(b) does not entitle him to relief.

In sum, the court DENIES Van Vleet's motion for reconsideration [D.E. 18].

SO ORDERED. This 25 day of July 2012.

JAMES C. DEVER III
Chief United States District Judge

3